IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELEN ALVAREZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. 3:22-cv-1961 | |
| PEP BOYS-MANNY, MOE & JACK OF § | | |
| DELAWARE LLC, THE PEP BOYS – § | | |
| MANNY, MOE & JACK LLC, DISCOUNT § | | |
| TIRE COMPANY OF TEXAS, INC., AND § | | |
| HALLE PROPERTIES, LLC, § | | |
|     Defendants. § | | |

**DEFENDANTS PEP BOYS – MANNY, MOE & JACK OF DELAWARE LLC AND THE PEP BOYS – MANNY, MOE & JACK LLC'S NOTICE OF REMOVAL**

Defendants Pep Boys – Manny, Moe & Jack of Delaware LLC and The Pep Boys – Manny, Moe & Jack LLC (hereinafter collectively referred to as "Pep Boys") removes the above-captioned case, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Pep Boys would respectfully show this Court as follows:

**I.**
**GROUNDS FOR REMOVAL**

1. Federal jurisdiction exists over this lawsuit because the parties at interest in this case have complete diversity of citizenship and the amount in controversy exceeds $75,000.

**II.**
**BACKGROUND**

2. Plaintiff's Original Petition alleges that on or about September 29, 2020, Plaintiff, a Texas resident, tripped on an uneven surface in a parking lot owned by Pep Boys, Discount Tire Company of Texas, Inc. ("Discount Tire") and Halle Properties, LLC ("Halle Properties").

*See* Plaintiff's Original Petition, attached hereto as Exhibit A at ¶12. Based on the injuries she allegedly suffered due to her fall, Plaintiff asserts a claim for premises liability and in the alternative, negligence and gross negligence, against the alleged owners and/or controllers of the parking lot where Plaintiff alleges she was injured. *Id.* at ¶¶16-18. Pep Boys and Discount Tire operate businesses next door to each other in Dallas County, Texas. *Id.* In her Petition, Plaintiff provides photographs of the alleged dangerous condition and the location of said condition, which allegedly caused her injuries. *Id.* at ¶12.





*Id.*

According to public property records and survey records obtained from Dallas County, the parking lot pictured in Plaintiff's Original Petition is a Pep Boys business location, not Discount Tire or Halle Properties. *See* Public Records Regarding Premises, attached hereto as

Exhibit E. According to Plaintiff's photographs, Plaintiff was allegedly injured in view of the Pep Boys business sign, and adjacent to a tree. *See* Plaintiff's Original Petition, attached hereto as Exhibit A at ¶12. In reviewing the public property records, Plaintiff's photographs, survey records and google earth imaging[1] it is clear that the alleged "obvious" condition identified by Plaintiff as the cause of her injuries is located on the premises controlled by Pep Boys. *See* Public Records Regarding Premises, attached hereto as Exhibit E. Lastly, Plaintiff, by and through her previous counsel, identifies Pep Boys as the controller of the premises in which she was injured in a March 26, 2022 demand letter to Pep Boys. *See* Demand Letter, dated March 26, 2022, attached hereto as Exhibit F. For the reasons set forth above, Discount Tire and Halle Properties have no ownership or control of the subject premises, meaning they have no duty to the alleged invitee plaintiff (regardless of her true status) as to the condition or safety of the property in which Plaintiff was injured. With this Notice, Pep Boys alleges that Plaintiff has improperly joined Discount and Halle Properties to defeat diversity jurisdiction.

## III.
### PROCEDURAL HISTORY

3.      On or about July 27, 2022, Plaintiff Helen Alvarez initiated a lawsuit in the 192nd Judicial District Court of Dallas County, Texas, with the following cause number and caption: Cause No. DC-22-08716, *Helen Alvarez v. Pep Boys – Manny, Moe & Jack of Delaware, LLC, The Pep Boys – Manny, Moe & Jack, LLC, Discount Tire Company of Texas, Inc. and Halle Properties, LLC*. *See* Plaintiff's Original Petition, attached hereto as Exhibit A. Improperly Joined Defendants Discount Tire Company of Texas, Inc. and Halle Properties, Inc. filed their

---

[1] https://earth.google.com/web/search/2992+Forest+Lane,+Dallas,+TX/@32.90892509,-96.87676971,151.23598754a,252.27201424d,35y,164.82330077h,44.99607263t,0r/data=CocBGl0SVwol MHg4NjRjMjc3NWEyZGViNWI1OjB4NDNlODhjN2M2NjQ3YTNmNhmiYTHqWnRAQCEcM5qmG ThYwCocMjk5MiBGb3Jlc3QgTGFuZSwgRGFsbGFzLCBUWBgCIAEiJgokCVhfYzbvdEBAEdA0Eds vdEBAGTuxwxAZOFjAIa1zuOZ8OFjA

3

Original Answer on August 22, 2022. *See* Defendants Discount Tire Company of Texas, Inc. and Halle Properties, LLC's Original Answer and Affirmative Defenses to Plaintiff's Original Petition, attached hereto as Exhibit B. Pep Boys timely filed its Original Answer on August 29, 2022. *See* Pep Boys Original Answer, attached hereto as Exhibit C.

## IV.
### REMOVAL IS TIMELY

4.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the date Pep Boys was served with a summons and a copy of the Original Petition, and within one year from when Plaintiff commenced her state court action[2].

## V.
### DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES IN INTEREST

5.      Federal removal jurisdiction exists in this case because the parties in interest, Plaintiff and Pep Boys are diverse. 28 U.S.C. §§ 1441(a), 1332. Plaintiff is a citizen of Texas. *See* Plaintiff's Original Petition, attached hereto as Exhibit A. Pep Boys – Manny, Moe and Jack of Delaware LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Pennsylvania. It is a wholly-owned subsidiary of The Pep Boys – Manny, Moe & Jack, LLC. The Pep Boys – Manny, Moe & Jack, LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Pennsylvania. Members of Pep Boys are citizens of the States of Pennsylvania, Georgia, Florida and Indiana. As such, complete diversity of citizenship exists between the true parties in interest.

6.      There is no question that the amount in controversy requirement is satisfied. Plaintiff alleges that she seeks monetary relief over $250,000 but not more than $1,000,000. *Id.* at ¶ 31.

---

[2] *See* Returns of Citation, attached hereto as Exhibit D.

## VI.
## **IMPROPER JOINDER OF DISCOUNT AND HALLE PROPERTIES**

**A.    If Plaintiff cannot establish a cause of action against Discount Tire and Halle Properties, the Court should dismiss the claims against the Discount Tire and Halle Properties and retain the case.**

7.    Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co*., 285 F.3d 568, 573 (5th Cir. 2004) (en banc). Here, Pep Boys argues the latter, the test for which is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an instate defendant." *Id.* (emphasis added) (adopting this phrasing of the required proof and "rejecting all others, whether the others appear to describe the same standard or not."). "When deciding whether a defendant has been improperly joined, the federal court applies the federal pleading standard. This standard requires the plaintiff to plead enough facts to state a claim from relief which is plausible on its face." *Hill v. Optum*, No. 3:17-CV-0755-D, 2017 U.S. Dist. LEXIS 83722 at *7 (N.D. Tex. June 1, 2017). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In addition, where discrete facts are missing from the plaintiff's pleading—as in this case—the district court may "pierce the pleadings" and look to summary judgment-type evidence. *Smallwood*, 385 F.3d at 572-72. Thus, the inquiry no longer centers on the plaintiff's state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Hornbuckle v. State Farm Lloyd*s, 385 F.3d 538, 542 (5th Cir. 2004). Here,

Plaintiff's allegations, and the record, establish that Discount Tire and Halle Properties were improperly joined. Discount Tire is a Texas Corporation, and is non-diverse to the Plaintiff. Halle Properties is a foreign limited liability company and is diverse to all parties.

8.      The Fifth Circuit has clarified that the removing defendant "must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004)(citing Travis 326 F.3d at 646-47 (emphasis in original). A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). As set forth above and below, there is no reasonable basis for predicting that Plaintiff will recover in state court against Discount and/or Halle Properties.

**B.     Plaintiff has no basis to recover against Discount Tire or Halle Properties.**

10.     There is no basis for Plaintiff to recover against Discount Tire or Halle Properties. Plaintiff's causes of action arise out of the alleged duties owed to Plaintiff by the owner and/or occupier and/or controller of the premises where Plaintiff was injured. *See* Plaintiff's Original Petition, attached hereto as Exhibit A. Discount and Halle own and/or control the property at 2976 Forest Lane, Dallas, Texas 75234. *See* Plaintiff's Original Petition, attached hereto as Exhibit A, at ¶ 10. As discussed supra, the photographs produced by Plaintiff within her Original Petition showing the parking lot where Plaintiff was allegedly injured, were taken at 2992 Forest Lane, Dallas, Texas 75234. *See Id.; See further* Public Records Regarding Premises, attached hereto as Exhibit E. As stated in Plaintiff's Original Petition, Pep Boys is the leaseholder, operator and shopkeeper at that address. *See* Plaintiff's Original Petition, attached hereto as Exhibit A, at ¶ 9. Because Discount Tire and Halle Properties do not have ownership or control

over the premises where Plaintiff was injured, which must be established in order to recover against Discount Tire and Halle Properties under the causes of action alleged in this matter, Discount Tire and Halle Properties have been fraudulently joined and their citizenships should be disregarded when determining whether diversity exists in this matter.

11. Under Texas law, a person injured on another's property has two potential causes of action against the owner and/or controller of the property: (1) a negligence claim for negligent activity on the premises, and (2) a premises liability claim for an unreasonably dangerous condition on the premises. *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). However, when the alleged injury is caused by an unsafe or dangerous condition on the premises, the injured party is limited to a premises liability theory and must prove her status to establish the type of duty owed by the premises owner. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *see H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 162-63 (Tex. App.—Dallas 2011, no pet.).

12. In order to establish a claim for premises liability, Plaintiff must prove the following elements: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger*, 845 S.W.3d 262, 264 (Tex. 1992). The "duty" of a property owner or operator to a business invitee (which Plaintiff alleges she was and Pep Boys disputes) is to "use reasonable care to keep the premises under its control in a safe condition." *Dow Chem. Co. v. Bright*, 89 S.W.3d 602 (Tex. 2002). If it is discovered that Plaintiff was not an invitee and was in fact a

trespasser, the owner/controller of the subject premises has no duty to inspect, warn or to make the property safe. *See Living, Inc. v. Redinger,* 689 S.W.2d 413 (Tex. 1985). The trespasser takes the property as she finds it. *Id.* The owner or occupier of land owes a duty to an adult trespasser not to intentionally and willfully injure her. *Id.* Absent a duty, however Discount Tire and Halle Properties cannot be held liable for Plaintiff's injuries as a matter of law, regardless of her status. *See Dow Chem. Co. v. Bright*, 89 S.W.3d 602 (Tex. 2002). Plaintiff provided photographic identification of the exact location where she was allegedly injured. *See* Plaintiff's Original Petition, attached hereto as Exhibit A, at ¶ 12. Plaintiff alleges that as an invitee, Discount Tire, Halle Properties, and Pep Boys owed her a duty to protect her from dangerous conditions arising from their control over the subject premises. *Id.* at ¶¶ 16-17. All of Plaintiff's claims arise from this alleged duty. *Id.* As discussed supra, because public records and Plaintiff's own photographs establish that neither Discount Tire nor Halle Properties had ownership or control over the premises in which Plaintiff claims she was injured, they owe no duty associated with the same. Because they owe Plaintiff no duty, there is no possibility of recovery by the Plaintiff against Discount Tire or Halle Properties. Meaning, Discount Tire and Halle Properties have been improperly joined and should be dismissed from this matter and disregarded from any diversity jurisdiction analysis.

## VII.
### PROCEDURAL REQUIREMENT FOR REMOVAL

13.     Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is a United States District Court for the district and division corresponding to the place where the state court action was pending – Dallas County.

14.     Simultaneously with the filing of this Notice of Removal, a copy of this Notice of Removal has been served on all parties and forwarded for filing with the Clerk of the District

Court of Dallas County, Texas, Case No. DC-22-08716, *Helen Alvarez v. Pep Boys – Manny, Moe & Jack of Delaware LLC, The Pep Boys – Manny, Moe & Jack, LLC, Discount Tire Company of Texas, Inc., and Halle Properties, LLC*, in the District Court of Dallas County, Texas 192nd Judicial District Court in accordance with 28 U.S.C. § 1446(d).

## VIII.
### CONSENT TO REMOVAL

15. The consent of properly joined and served defendants is generally needed to remove a case. *See* 28 U.S.C. §1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action"). Because Pep Boys is the only properly joined and served defendants in this matter, no other consent is required.

## IX.
### PAPERS FROM THE REMOVED ACTION

16. Pursuant to 28 U.S.C. § 1446(a), the following documents are attached to this Notice of Removal:

| | |
|---|---|
| Exhibit A: | Plaintiff's Original Petition |
| Exhibit B: | Defendants Discount Tire Company of Texas, Inc. and Halle Properties, LLC's Original Answer and Affirmative Defenses to Plaintiff's Original Petition |
| Exhibit C: | Defendants Pep Boys – Manny, Moe & Jack of Delaware LLC and The Pep Boys – Manny, Moe & Jack LLC's Special Exceptions and Subject Thereto, their Original Answer to Plaintiff's Original Petition |
| Exhibit D: | Return of Citation for Pep Boys |
| Exhibit E: | Public Records regarding Premises |
| Exhibit F: | Demand Letter from Plaintiff to Pep Boys |
| Exhibit G: | State Court Docket Sheet |
| Exhibit H: | Index of Matters Being Filed |

      Exhibit I:      List of All Counsel of Record

      Exhibit J:      Civil Cover Sheet

      Exhibit K:      Supplemental Civil Cover Sheet

17.    Pep Boys reserves the right to amend or supplement this Notice of Removal.

## X.
## CONCLUSION

18.    This state court action may be removed to this Court by Pep Boys in accordance with the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interests and costs.

WHEREFORE PREMISES CONSIDERED, Pep Boys prays for removal of the above entitled and numbered cause from the 192nd Judicial District Court of Dallas County, Texas to this Honorable Court.

**DATED: September 2, 2022.**          Respectfully submitted,

                                          **JOHNSON, TRENT & TAYLOR, L.L.P.**

                                          By: */s/ T. Christopher Trent*
                                              T. Christopher Trent
                                              Texas Bar No. 20209400
                                              Federal ID No. 14244
                                              919 Milam, Suite 1500
                                              Houston, Texas 77002
                                              Telephone: (713) 222-2323
                                              Facsimile: (713) 222-2226
                                              Email: ctrent@johnsontrent.com

                                          **ATTORNEYS FOR DEFENDANTS PEP BOYS – MANNY, MOE & JACK OF DELAWARE LLC AND THE PEP BOYS – MANNY, MOE & JACK LLC**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on this **2nd day of September 2022.**

Shawn Hashemi                                                                                                  *Via E-Service*
Chalaki Law, P.C.
3234 Commander Drive, Suite 100
Carrollton, Texas 75006
*Attorney for Plaintiff*

Dena L. Mathis                                                                                                   *Via E-Service*
Mathis Legal PLLC
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
*Attorney for Discount Tire Company of Texas, Inc.*
    *& Halle Properties, Inc.*

Christian K.G. Henrichsen                                                                              *Via E-Service*
Discount Tire
20225 N. Scottsdale Rd.
Scottsdale, Arizona 85255
*Attorney for Discount Tire Company of Texas, Inc.*
    *& Halle Properties, Inc.*

                                                                               */s/ T. Christopher Trent*
                                                                               T. Christopher Trent