Case 3:22-cv-01961-G   Document 1-1   Filed 09/02/22   Page 1 of 9   PageID 12

FILED
7/27/2022 2:25 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

4 CITS ESERVE

DC-22-08716

CAUSE NO. _____

| | | |
|---|---|---|
| **HELEN ALVAREZ,** *Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| v. | § § § | DALLAS COUNTY, TEXAS |
| **PEP BOYS – MANNY, MOE & JACK OF DELAWARE LLC, THE PEP BOYS–MANNY, MOE & JACK LLC, DISCOUNT TIRE COMPANY OF TEXAS, INC., AND HALLE PROPERTIES, LLC** *Defendant.* | § § § § § § § § § § | 192nd \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Helen Alvarez ("Plaintiff") complaining of and against Pep Boys-Manny Moe & Jack of Delaware LLC, The Pep Boys–Manny, Moe & Jack LLC, Discount Tire Company of Texas, Inc., and Halle Properties, LLC ("Defendants") and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3. **Pursuant to Texas Rule of Civil Procedure §194.2, Defendants' Initial Disclosures are required to be made within thirty (30) days after the filing of the first answer, unless a different time is set by the Court or by the parties' agreement.**

### II. PARTIES AND SERVICE

1. Plaintiff is an individual residing in Denton County, Texas and the last three digits of her driver's license number are 362.

**EXHIBIT A**

2. <u>Defendant Pep Boys – Manny, Moe & Jack of Delaware LLC</u> ("Defendant Pep Boys") is a corporation doing business in the state of Texas. Defendant Pep Boys may be served through its registered agent, The Prentice-Hall Corporation System, Inc., located at <u>211 E. 7th Street, Suite 620, Austin, Texas 78701</u>, or wherever it may be found.

3. <u>Defendant The Pep Boys–Manny, Moe & Jack LLC</u> ("Defendant The Pep Boys") appears to be a limited liability company doing business in the state of Texas. Defendant The Pep Boys may be served at its mailing address located at 3111 West Allegheny Avenue, Philadelphia, Pennsylvania 19132, through its senior counsel, Alex Bartko, 112 Townpark Drive NW, Suite 250, Kennesaw Georgia 30144, Facsimile: 248-204-5790, Email: alex_bartko@pepboys.com, or through its registered agent, Corporation Service Company d/b/a CSC Lawyers Inc. located at <u>211 E. 7th Street, Suite 620, Austin, Texas 78701</u>, or wherever it may be found.

4. <u>Defendant Discount Tire Company of Texas, Inc.</u> ("Defendant Discount") is a corporation doing business in the state of Texas. Defendant Discount may be served through its registered agent, Corporation Service Company d/b/a CSC Lawyers Inc. located at <u>211 E. 7th Street, Suite 620, Austin, Texas 78701</u>, or wherever it may be found.

5. <u>Defendant Halle Properties, LLC</u> ("Defendant Halle") is a corporation doing business in the state of Texas. Defendant Halle may be served through its registered agent, Corporation Service Company d/b/a CSC Lawyers Inc. located at <u>211 E. 7th Street, Suite 620, Austin, Texas 78701</u>, or wherever it may be found.

### III. JURISDICTION

6. This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

## IV. VENUE

7. Venue is proper in Dallas County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claimed occurred in Dallas County. Additionally, Defendant maintained its premises that is the subject of this suit in Dallas County.

## V. FACTS

8. On or about September 29, 2020, Plaintiff was an invitee at Defendants parking grounds where their respective automotive repair and maintenance store are located at 2992 Forest Lane, Dallas, Texas 75234 and/or 2976 Forest Lane, Dallas, Texas 75234.

9. Defendant Pep Boys and Defendant The Pep Boys were the leaseholders, operators and shopkeepers operating an automotive repair and maintenance store located at 2992 Forest Lane, Dallas, Texas 75234.

10. Defendant Discount and Defendant Halle were respectively the lease holders, operators, shopkeepers, and owners operating an automotive repair and maintenance store located at 2976 Forest Lane, Dallas, Texas 75234.

11. Plaintiff was an invitee on the grounds she believes to be located on Defendant Pep Boys and Defendant The Pep Boys premises. However, the location where she was located at the time of the incident appears to be near or on the border of the property operated by Defendant Discount and Defendant Halle.

12. Specifically, Plaintiff was on Defendants premises as she had traveled there with her son who was a patron of Defendant Pep Boys and Defendant The Pep Boys. Plaintiff parked her vehicle in Defendants' parking lot while her son's vehicle was in one of the stalls at Defendants' location.  Plaintiff got out of her vehicle to give her son something and, as she walked back to her

vehicle, she tripped as Defendants' lot had an uneven surface or depression in a parking lot, which obviously created a tripping risk. This condition posed an unreasonably dangerous condition to the intended users, such as Plaintiff. Defendants had an obligation to maintain the integrity of its parking lot in a way that avoids injury.





13. Plaintiff was, at all times, an invitee and legally located on Defendants' premises.

14. The immense force of Plaintiff's fall caused severe and critical injuries, including but not limited to, left wrist fracture, right elbow fracture, right knee fractures. That same day, Plaintiff was admitted to the hospital for left wrist surgery where she stayed for one week post-operatively. She also suffered from pain in both shoulders, soreness in the left leg, numbness and tingling in her arms, hands, fingers, lefts, feet and toes.

15. Defendants failed to ensure that its parking lot was safe and free of dangerous conditions for patrons and invitees to enter their premises.

16. Defendants had a duty to protect patrons from dangerous conditions arising from the Defendants' control over the premises. This duty includes duty to inspect and duty to warn or make conditions safe.

17. Defendants failed to exercise ordinary care and breached its duty to protect the Plaintiff from dangerous conditions by allowing the maintenance and upkeep of its parking lot to be in a deplorable condition, where patrons reasonably and regularly park their vehicles when entering automotive repair and maintenance store. Defendants created an unreasonable risk of harm to Plaintiff by failing to warn Plaintiff of such risk, by failing to make such conditions safe, and by failing to take proper precautions to prevent foreseeable harm.

18. In the alternative, Plaintiff's injury was the result of the Defendants' negligence in: failing to develop and implement adequate policies and procedures for the maintenance and upkeep of its parking lot; failing to ensure that its agents and/or employees were aware of potential dangers to store invitees and that such employees followed proper policies and procedures for invitee safety; failing to inspect the premises on a routine basis; failing to properly repair and maintain any defects on the premises; failing to warn Plaintiff of such an unreasonable risk of harm.

19. It was the Defendants' negligence, negligence *per* se, and/or gross negligence that

was the proximate cause and/or one of the proximate causes of Plaintiff's personal injuries and damages.

## VI. PREMISES LIABILITY OF DEFENDANTS PEP BOYS–MANNY, MOE & JACK OF DELAWARE LLC, THE PEP BOYS – MANNY, MOE & JACK LLC, DISCOUNT TIRE COMPANY OF TEXAS, INC., AND HALLE PROPERTIES, LLC

20. Plaintiff fully incorporates herein for all purposes the foregoing facts set out in *Plaintiff's Original Petition.*

21. Plaintiff was an invitee at the time of the injury, and Defendants owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects, or give adequate warnings of any dangers.

22. The conduct of Defendants and its agents was one of the proximate causes, or the proximate cause, of Plaintiff's personal injuries and damages.

23. Defendants knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees, such as Plaintiff.

24. Defendants had control over the premises and could have eliminated the condition which posed an unreasonable risk of harm to Plaintiff by:

    a. Developing and implementing adequate policies and procedures for the maintenance and upkeep of its parking lot;

    b. Properly instructing, training and educating their respective employees and agents to maintain a hazard free environment;

    c. Inspecting the premises on a routine basis;

    d. Repairing and maintaining any defects on the premises; and/or

    e. Warning Plaintiff of such an unreasonable risk of harm.

25. Defendants failed to act as a prudent shopkeeper in the same or similar circumstance

would have done, including failure to perform any of the actions stated in the preceding paragraph.

26. The conduct of Defendants was a substantial factor in bringing about Plaintiff's injuries and without such cause, Plaintiff's injuries and damages would not have occurred.

## VII. DAMAGES

27. As a result of the Defendants' failure to exercise ordinary care to protect Plaintiff from unreasonably dangerous conditions in the Defendants' premises and the Defendants' failure to adequately warn Plaintiff of the parking lot distress, and failure to make such condition reasonably safe, Plaintiff suffered serious injuries to her body.

28. As a result of the injuries that Plaintiff sustained, she incurred reasonable and necessary doctors' and medical expenses for her necessary medical care and attention in excess of the jurisdictional limits of this court. There is also a reasonable probability that Plaintiff will incur additional expenses for necessary medical and related health care in the future in an amount unknown at this time.

29. In addition, Plaintiff suffered severe physical and mental pain, suffering and anguish, disfigurement, and in all reasonable probability, will continue to suffer in this manner well into the future, if not for the balance of his life.

30. As a proximate result of the Defendants negligence, Plaintiff suffered injuries to her body in general. Defendants' aforementioned negligence diminished Plaintiff's ability to administer to her own needs. It is more likely than not that Plaintiff's ability to attend to customary household duties and earning capacity will be impaired well into the future, if not for the balance of her natural life.

## VIII. RULE 47 PLEADING

31. Plaintiff pleads, as she is required to under Rule 47(c)(3) of the Texas Rules of Civil

Procedure, that she seeks monetary relief over $250,000 but not more than $1,000,000.

## IX. RULE 193.7 SELF-AUTHENTICATION

32.     Plaintiff hereby provides notice to Defendants that any documents produced in response to written discovery will be authenticated for use in any pre-trial proceeding or at trial.

## X. DESIGNATED E-SERVICE ADDRESS

33.     The under-signed attorney's designated e-service address for all e-served documents and notices, filed and unfiled is: **efile@chalakilaw.com**.  This is the under-signed attorney's only e-service email address, and service through any other email address will be considered invalid.

## XI. PRAYER

34.     **WHEREFORE**, Plaintiff respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

   a. Actual medical bills for Plaintiff's damages, which are necessary and reasonable for these types of services; and for future medical attention, and full damages in a sum within the jurisdictional limits of this Court;

   b. Monetary damages for past and future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

   c. Monetary damages for disfigurement found to be reasonable and just be the trier of fact;

   d. Physical impairment as determined by the trier of fact;

   e. Pre and post judgment interest at the maximum legal rate;

   f. Costs of Court; and

   g. Such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

CHALAKI LAW, P.C.

By: */s/ Shawn Hashemi*
E-service: efile@chalakilaw.com

**Shawn Hashemi**
Texas Bar No. 24090151
**North Dallas Law Center**
3234 Commander Drive, Suite 100
Carrollton, Texas 75006
Tel. (972) 793-8500
Fax. (800) 991-6288

ATTORNEY FOR PLAINTIFF